UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

GLOVER A. YAWN, JR.,

v.  Case No. 8:16-cr-65-T-33JSS
    8:19-cv-2745-T-33JSS

UNITED STATES OF AMERICA.

_____/

**ORDER**

This matter is before the Court on Glover A. Yawn, Jr.'s pro se Motion for Reconsideration (Civ. Doc. # 10), filed on February 3, 2020. The United States of America responded on February 18, 2020. (Civ. Doc. # 12). At the Court's request, both parties have filed supplemental briefs. (Civ. Doc. ## 14, 17). For the reasons that follow, the Court grants the Motion to the extent the Court reconsiders its reasoning in denying Yawn's claim under Rehaif but still denies Yawn's Section 2255 motion.

I.  **Background**

On November 1, 2019, Yawn timely sought post-conviction relief under 28 U.S.C. § 2255. (Civ. Doc. # 1). The United States responded on December 3, 2019. (Civ. Doc. # 5). Yawn's pro se reply was due December 30, 2019. After waiting for Yawn's reply to be received by the Clerk for over two weeks,

1

the Court denied Yawn's pro se Section 2255 motion on January 15, 2020, without the benefit of a reply. (Civ. Doc. # 6).

After that Order was entered, the Clerk docketed Yawn's reply, which was timely under the mailbox rule. (Civ. Doc. # 8). The Court then entered an Order explaining: "upon review of the reply, the Court determines that it need not reconsider its order denying Yawn's motion" because "[t]he Court still concludes that Yawn's arguments lack merit for the reasons explained in the January 15 order." (Civ. Doc. # 9).

Yawn now seeks reconsideration of the Court's order denying his Section 2255 motion in its entirety. (Civ. Doc. # 10). The United States responded to the Motion for Reconsideration, arguing that Yawn's claims lack merit. (Civ. Doc. # 12). But the United States notes that its response to the Section 2255 motion laid out an incorrect standard for analyzing the Rehaif claim and, thus, the Court should reconsider its reasoning and deny the Rehaif claim for a different reason. Both parties have filed supplemental briefs. (Civ. Doc. ## 14, 17). The Motion is ripe for review.

## II. Legal Standard

Granting relief under Federal Rule of Civil Procedure 59(e) is "an extraordinary remedy to be employed sparingly in the interests of finality and conservation of scarce judicial

2

resources." United States v. DeRochemont, No. 8:10-cr-287-T-24MAP, 2012 WL 13510, at *2 (M.D. Fla. Jan. 4, 2012)(citation omitted). Furthermore, "a Rule 59(e) motion [cannot be used] to relitigate old matters, raise argument or present evidence that could have been raised prior to the entry of judgment." Michael Linet, Inc. v. Vill. of Wellington, 408 F.3d 757, 763 (11th Cir. 2005). "The only grounds for granting a Rule 59 motion are newly discovered evidence or manifest errors of law or fact." Anderson v. Fla. Dep't of Envtl. Prot., 567 F. App'x 679, 680 (11th Cir. 2014)(quoting Arthur v. King, 500 F.3d 1335, 1343 (11th Cir. 2007)).

**III. Analysis**

In his Motion, Yawn argues that the Court should reconsider its Order denying his Section 2255 motion as to every ground. (Civ. Doc. # 10). Yawn also complains that the Court did not consider his timely reply. (Id. at 1).

Regarding his reply, the Court considered the reply and determined that the reply's arguments did not warrant reconsideration of the Court's January 15 Order denying the Section 2255 motion. (Civ. Doc. # 9). Nor are the arguments Yawn raises in his Motion for reconsideration of his claims regarding serious drug offenses and ineffective assistance of counsel persuasive. See, e.g., United States v. Finley, No.

3

19-10717, 2020 WL 1061671, at *2 (11th Cir. Mar. 5, 2020)("Because our law at the time of Finley's plea hearing established that what would eventually become known as a Rehaif-based objection would fail, Finley's counsel was not deficient for failing to raise such an objection." (citation omitted)). Additionally, the Supreme Court has now issued its opinion in Shular, holding that convictions under Fla. Stat. § 893.13(1) do qualify as serious drug convictions. Shular v. United States, 140 S. Ct. 779 (2020). Thus, Shular provides Yawn no relief.

However, the United States agrees with Yawn that reconsideration in part is warranted regarding Yawn's Rehaif claim. (Civ. Doc. # 12). They maintain that the United States and this Court were incorrect in concluding that Rehaif did not apply retroactively to Yawn's Section 2255 motion, which is not a successive or second petition. (Civ. Doc. # 5 at 13; Civ. Doc. # 6 at 5). Rather, they argue Rehaif is retroactively applicable to Yawn under the reasoning of Welch v. United States, 136 S. Ct. 1257, 1267 (2016). (Civ. Doc. # 12 at 5-6).

The Court notes that neither Yawn nor the United States cite any case law directly holding that Rehaif is retroactively applicable to initial Section 2255 motions like

4

Yawn's. (Id.). And, various district courts have relied on In re Palacios, 931 F.3d 1314 (11th Cir. 2019), in holding that Rehaif is not retroactively applicable to initial Section 2255 motions — just as this Court did in its Order denying Yawn's Section 2255 motion. See, e.g., Durham v. United States, No. 13-CR-60270, 2019 WL 5653858, at *8 (S.D. Fla. Oct. 9, 2019)("In a supplement to his motion to vacate filed on July 11, 2019, Petitioner alleges that he is actually innocent in light of the Supreme Court's recent decision in Rehaif . . . . The Eleventh Circuit has recently held that Rehaif does not apply retroactively to cases on collateral review. . . . As a result, Movant's supplemental argument is without merit." (citing In re Palacios, 931 F.3d 1314)), adopted by, No. 17-CV-62355, 2019 WL 5617936 (S.D. Fla. Oct. 31, 2019), and objections overruled, No. 17-CV-62355, 2019 WL 6336979 (S.D. Fla. Nov. 27, 2019); United States v. Navarro, No. CR 6:16-89, 2020 WL 709329, at *3 (S.D. Tex. Feb. 11, 2020)(denying initial Section 2255 motion and stating that petitioner's "Rehaif claim fails for a number of reasons," including that Rehaif is not retroactively applicable); Nixon v. United States, No. 4:17-CR-189-A, 2019 WL 6498088, at *3 (N.D. Tex. Dec. 3, 2019)(in the context of an initial Section 2255 motion, stating "the Supreme Court did not announce a

new rule made retroactive in Rehaif; rather, Rehaif merely interpreted the statute, [Section] 922(g), to require the government to show that the defendant knew he possessed a firearm and that he had the relevant status when he possessed it"); Dubose v. United States, No. 217CV02396SHMTMP, 2020 WL 2945561, at *7 (W.D. Tenn. June 3, 2020)(stating in initial Section 2255 context that "[t]he Western District of Tennessee and other district courts have concluded that Rehaif does not apply retroactively to cases on collateral review").

Nevertheless, the Court will reconsider its Order on the Section 2255 motion to the extent it will assume that Rehaif applies retroactively to Yawn. See North v. United States, No. 1:16-CR-00309-SDG, 2020 WL 2873626, at *2 (N.D. Ga. May 14, 2020)("[T]he [Eleventh Circuit] has not determined whether Rehaif applies retroactively to petitioners filing their first Section 2255 motion. For purposes of this motion, the Court assumes Rehaif is retroactive, making North's claim timely."). In doing so, the Court agrees with the United States that Yawn's Rehaif claim lacks merit because he knew he was a convicted felon.[1] See Navarro, 2020 WL 709329, at *4

---

[1] For the first time in its supplemental brief, the United States argues that Yawn "waived his challenge to a defect in

6

("In sum, even if Rehaif did announce a new rule of constitutional law made retroactive on collateral review, Movant would not be entitled to relief because the record conclusively demonstrates that he knew he was a convicted felon and was acting unlawfully by possessing firearms and ammunition.").

Yawn does not claim that he did not know he was a felon. (Civ. Doc. # 1). And the record before the Court reflects that Yawn could not credibly claim as much. He has a long criminal history, including five felony convictions. (Crim. Doc. # 45 at 7-10). He received sentences in excess of a year for four of those prior felony convictions. (Id.). At his

---

his indictment because his guilty plea waived all non-jurisdictional defects in his proceedings." (Doc. # 14 at 5-6). This argument appears to have merit. See United States v. Stokeling, No. 19-11003, 2020 WL 57874, at *2 (11th Cir. Jan. 6, 2020)("Stokeling's plea of guilty waived all nonjurisdictional defects in his proceeding. He may obtain relief from his guilty plea only if he identifies a defect that affected the power of the district court to enter its judgment. Rehaif clarified that a defendant's knowledge of his status as a felon is an element of the offense of being a felon in possession of a firearm, . . . but the omission of a mens rea element from an indictment does not divest the district court of subject matter jurisdiction to adjudicate a criminal case. Stokeling's indictment was defective because it failed to allege that he knew he was a felon, but Stokeling waived that nonjurisdictional defect by pleading guilty."). However, because the United States failed to raise this argument in response to the Section 2255 motion or the Motion for Reconsideration, the Court will not rely on this argument.

7

plea colloquy for his felony battery conviction, which occurred years before his arrest for being a felon in possession of a firearm, Yawn acknowledged that he understood he was pleading no contest to a third-degree felony that was punishable by up to five years in prison. (Crim. Doc. # 48-2 at 3-4).

At his plea colloquy for the instant felon in possession of a firearm charge, Yawn said he understood the charges against him and understood the elements of the offense — including the element that he was a convicted felon. (Crim. Doc. # 64 at 5, 9, 19-20). Yawn's counsel also provided Yawn's version of events, which again included that he was a convicted felon at the time of the possession of the firearm, and Yawn agreed with this version of events. (Id. at 21-23). The presentence investigation report prepared by Probation listed Yawn's five prior felony convictions. (Crim. Doc. # 45 at 7-10). Although Yawn's counsel objected to the armed career criminal enhancement, counsel did not object to the existence of these prior felony convictions. (Id. at 27-29)

Given Yawn's statement years prior to his arrest for the instant offense that he understood he was pleading to a felony, his years spent in prison for his multiple prior felony convictions, and his acknowledgment before pleading

guilty to the instant offense that he was a felon, there is no question that Yawn knew he was a felon at the time he was arrested for being a felon in possession of a firearm. See United States v. Reed, 941 F.3d 1018, 1021-22 (11th Cir. 2019)(rejecting Rehaif challenge on direct appeal because "the record establishe[d] that Reed knew he was a felon" based on his stipulation, testimony, eight prior felony convictions, and eighteen years spent in prison); see also United States v. Frady, 456 U.S. 152, 166 (1982)("[T]o obtain collateral relief a prisoner must clear a significantly higher hurdle than would exist on direct appeal.").

Therefore, Yawn cannot succeed on his Rehaif claim on the merits. See Faircloth v. United States, No. 2:19-cv-269-FtM-29MRM, 2020 WL 2527480, at *12 (M.D. Fla. May 18, 2020)(denying Section 2255 motion's Rehaif claim because "[m]uch like Reed, petitioner had a prior felon in possession of a firearm conviction as far back as 1979, and the record therefore established that petitioner knew he was a felon, and 'he cannot prove that the errors affected his substantial rights or the fairness, integrity, or public reputation of his trial'").

## IV. Certificate of Appealability and Leave to Appeal In Forma Pauperis Denied

The Court declines to issue a certificate of appealability because Yawn has failed to make a substantial showing of the denial of a constitutional right as required by 28 U.S.C. § 2253(c)(2). Nor will the Court authorize Yawn to proceed on appeal in forma pauperis because such an appeal would not be taken in good faith. See 28 U.S.C. § 1915(a)(3). Yawn shall be required to pay the full amount of the appellate filing fee pursuant to Section 1915(b)(1) and (2).

Accordingly, it is now

**ORDERED, ADJUDGED,** and **DECREED:**

Glover A. Yawn, Jr.'s pro se Motion for Reconsideration (Civ. Doc. # 10) is **GRANTED** to the extent the Court alternatively concludes that, if Rehaif applies retroactively to Yawn, Yawn's claim regarding Rehaif lacks merit. The Motion is **DENIED** in all other respects.

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this 25th day of June, 2020.

VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE